## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NEXGEN CONTROL SYSTEMS, LLC,

     *Plaintiff*,

v.

INFINEON TECHNOLOGIES AG &
INFINEON TECHNOLOGIES
AMERICAS CORP.,

     *Defendants*.

C.A. No. 23-cv-00315-CFC

JURY TRIAL DEMANDED

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR
## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Warren K. Mabey, Jr. (#5775)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-5070
Email: mabey@fr.com

David M. Hoffman
FISH & RICHARDSON P.C.
111 Congress Avenue, Suite 810
Austin, TX 78701
Telephone: (512) 472-5070
Email: dhoffman@fr.com

***Counsel for Defendants***
***Infineon Technologies AG & Infineon***
***Technologies Americas Corp.***

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ...................................................................................1

II.  STATEMENT OF FACTS ......................................................................2

    A.   The '855 Patent Includes Contradictory Claim Language...........................2

    B.   NexGen's Claims for Indirect and Willful Infringement Do Not
    Adequately Plead Notice ..............................................................................3

III. LEGAL STANDARDS ...........................................................................4

    A.   Dismissal Under Rule 12(b)(6) and Indefiniteness......................................4

    B.   Indirect Infringement ...................................................................................6

    C.   Willful Infringement ....................................................................................6

IV.  ARGUMENT...........................................................................................7

    A.   NexGen's Complaint Fails to State a Claim Because the '855 Patent is
    Defective and Thus Invalid. ........................................................................7

    B.   NexGen's Complaint Fails to State a Claim for Pre-Suit Indirect or Willful
    Infringement Because Infineon Had No Knowledge...................................13

        1.   Service of a Chinese complaint on a non-party does not establish pre-
        suit knowledge of the '855 patent by Infineon. .........................................14

        2.   NexGen's allegations regarding the '855 patent's notoriety are
        insufficient to establish pre-suit knowledge. ............................................16

        3.   NexGen failed to sufficiently plead willful blindness. .....................17

V.   CONCLUSION......................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................5

*Bayer Healthcare LLC v. Baxalta Inc.*,
    989 F.3d 964 (Fed. Cir. 2021) ...........................................................................7

*Carrum Techs., LLC v. BMW of N. Am., LLC*,
    No. 18-cv-1645-RGA, 2023 WL 1861150 (D. Del. Feb. 9, 2023) ...................15

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
    859 F.3d 1352 (Fed. Cir. 2017) .....................................................................5, 13

*Commil USA, LLC v. Cisco Systems, Inc.*,
    575 U.S. 632 (2015) ..........................................................................................20

*Diogenes Ltd. v. DraftKings, Inc.*,
    No. 21-cv-1695-MN-CJB, 2022 WL 3700902 (D. Del. Aug. 26, 2022) .............5

*Execware, LLC v. Staples, Inc.*,
    No. 11-cv-836-LPS, 2012 WL 6138340 (D. Del. Dec. 10, 2012) .......................6

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011) ......................................................................................6, 18

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    579 U.S. 93 (2016) ..............................................................................................7

*Helios Streaming, LLC v. Vudu, Inc.*,
    No. 19-cv-1792-CFC-SRF, 2021 WL 254069 (D. Del. Jan. 26, 2021) ............18

*Koki Holdings Co. v. Kyocera Senco Indus. Tools, Inc.*,
    No. 18-cv-313-CFC, 2021 WL 1092579 (D. Del. Mar. 22, 2021) ......................9

*LoganTree LP v. Omron Healthcare, Inc.*,
    No. 18-cv-1617-MN, 2019 WL 4538730 (D. Del. Sept. 19, 2019) ...................14

*M2M Sols. LLC v. Sierra Wireless Am., Inc.*,
    No. 12-cv-30-RGA, 2013 WL 5981336 (D. Del. Nov. 12, 2013) .....................10

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   897 F. Supp. 2d 225 (D. Del. 2012) ................................................................17, 18

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
   572 U.S. 898 (2014) ...........................................................................................6

*PPG Indus. Ohio, Inc. v. Axalta Coating Sys., LLC*,
   No. 21-cv-346-LPS-SRF, 2022 WL 610740 (D. Del. Jan. 26, 2022) ...............17

*Princeton Digital Image Corp. v. Ubisoft Ent. SA*,
   No. 13-cv-335-LPS-CJB, 2017 WL 6337188 (D. Del. Dec. 12, 2017) .............17

*Robocast, Inc. v. Netflix, Inc.*,
   No. 22-cv-305-RGA, 2022 WL 16921956 (D. Del. Nov. 14, 2022) ..................6

*Sanderling Mgmt. Ltd. v. Snap Inc.*,
   65 F.4th 698 (Fed. Cir. 2023) .............................................................................12

*SoftView LLC v. Apple Inc.*,
   No. 10-cv-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) .....................16

*State Indus., Inc. v. A.O. Smith Corp.*,
   751 F.2d 1226 (Fed. Cir. 1985) ..........................................................................20

*Synchronoss Techs., Inc. v. Dropbox, Inc.*,
   987 F.3d 1358 (Fed. Cir. 2021) ........................................................................1, 9

*Tech. Innovations, LLC v. Amazon.com, Inc.*,
   35 F. Supp. 3d 613 (D. Del. 2014) .......................................................................9

*Tenaha Licensing LLC v. Tigerconnect, Inc.*,
   2020 WL 30426 (D. Del. 2020) ..........................................................................13

*In re TLI Commc'ns LLC Pat. Litig.*,
   87 F. Supp. 3d 773 (E.D. Va. 2015) ...............................................................11, 12

*Trustees of Columbia Univ. in City of New York v. Symantec Corp.*,
   811 F.3d 1359 (Fed. Cir. 2016) ........................................................................1, 9

*TVnGO Ltd. (BVI) v. LG Elecs. Inc.*,
   861 F. App'x 453 (Fed. Cir. 2021) ...................................................................7, 9

*Varian Med. Sys., Inc. v. Elekta AB*,

iv

No. 15-cv-871-LPS, 2016 WL 3748772 (D. Del. July 12, 2016) ......................16

*WBIP, LLC v. Kohler Co.*,
  829 F.3d 1317 (Fed. Cir. 2016) ....................................................................7, 14

*Wrinkl, Inc. v. Facebook, Inc.*,
  No. 20-cv-1345-RGA, 2021 WL 4477022 (D. Del. Sept. 30, 2021) ..................7

*WSOU Invs., LLC v. Xilinx, Inc.*,
  No. 21-cv-1228-CFC-JLH, 2021 WL 2328014 (D. Del. June 8, 2021)............19

*Yu v. Apple Inc.*,
  1 F.4th 1040 (Fed. Cir. 2021) ...........................................................................5

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
  528 F. Supp. 3d 247 (D. Del. 2021)..............................................................19, 20

**Statutes**

35 U.S.C. § 112 ¶ 2 ............................................................................................1, 5, 7

35 U.S.C. § 271(b) .................................................................................................6

**Other Authorities**

FED. R. CIV. P. 12 ...............................................................................4, 5, 12, 13

## I.    INTRODUCTION

This Court should dismiss NexGen's complaint in its entirety or partially on the basis that (1) the complaint fails to state a claim because the claims of the '855 patent are invalid, and (2) the complaint fails to state a claim for indirect infringement or willful infringement.

NexGen's complaint should be dismissed in its entirety because the sole independent claim is internally inconsistent and makes no coherent sense.  This is the case because the claim requires that a single voltage be both arbitrary and maximum at the same time.  Something that is arbitrary could have any value. Something that is at its maximum has one and only one specific value.  One thing cannot meet both conditions at the same time and accordingly, the claim is invalid for indefiniteness under 35 U.S.C. § 112 ¶ 2.  *Synchronoss Techs., Inc. v. Dropbox, Inc.*, 987 F.3d 1358, 1366 (Fed. Cir. 2021) (holding invalid claims that "require an impossibility"); *Trustees of Columbia Univ. in City of New York v. Symantec Corp.*, 811 F.3d 1359, 1367 (Fed. Cir. 2016) ("The claims are nonsensical in the way a claim to extracting orange juice from apples would be, and are thus indefinite.").

NexGen's claims for indirect and willful infringement also fail because its Complaint does not plausibly allege that Infineon knew about the '855 patent. NexGen asserts that Infineon possessed the knowledge necessary for indirect and willful infringement in three ways: (1) by service of an infringement complaint in

China on a different subsidiary, regarding a different patent, in a different court system; (2) by service of this Complaint in the present action, and (3) by asserting in its complaint that '855 patent is well-known within the industry.  D.I. 1 at ¶¶54–55, 59.  All three allegations fail.  NexGen has thus failed to adequately plead that Infineon was on notice of the '855 patent by any of the foregoing methods.

## II.    STATEMENT OF FACTS

NexGen filed suit against Infineon Technologies AG and Infineon Technologies Americas Corp. (collectively, "Infineon") on March 22, 2023, alleging infringement of U.S. Patent No. 8,278,855.  D.I. 1.  In its Complaint, NexGen alleges that Infineon infringes the '855 patent both directly and indirectly, including by inducing and contributing to infringement.  *Id.* at ¶¶ 52–58.  NexGen also alleges that Infineon infringes the '855 patent willfully.  *Id.* at ¶ 59.

### A.    The '855 Patent Includes Contradictory Claim Language.

The '855 patent is entitled "Controller of motor preventing an increase in inverter loss."  The '855 patent "relates to an alternating-current motor to drive an electric vehicle, and, more particularly to a controller of a motor suitable to control a permanent-magnet synchronous motor."  '855 patent, 1:6–9.  Claim 1 is the only independent claim, and recites:

> 1. A controller of a motor comprising:
>     a voltage-command generating unit that generates a pulse-width modulation signal to control a switching element provided in an inverter, to the inverter connected to a direct-current power source and outputting a

three-phase alternating current of an arbitrary frequency and an ***arbitrary voltage*** to an alternating-current motor; and

      a current-command generating unit that generates and outputs a current command to cause the alternating-current motor to generate torque based on an input torque command, wherein

      the current-command generating unit is configured to output the current-command that is calculated based on a relationship between the torque command and a state quantity of the alternating-current motor, to maintain a ***terminal voltage*** of the alternating-current ***motor to a maximum value*** that can be generated under the direct-current power source, and to output a current command adjusted to maintain or decrease a loss of the inverter under a predetermined condition in which the loss of the inverter increases or estimated to increase.

*Id.*, cl. 1 (emphases added).  The inverter outputs an "arbitrary voltage" to an alternating current motor, the terminal (*i.e.*, input) voltage of which is maintained at a "maximum voltage."  *Id.*

### B.    NexGen's Claims for Indirect and Willful Infringement Do Not Adequately Plead Notice

NexGen's Complaint alleges that Infineon had knowledge of the '855 patent in three ways: a foreign complaint for infringement of a different patent, service of this Complaint, and the fact that the '855 patent is purportedly "well-known" within the industry.  First, NexGen alleges that "Infineon has had knowledge of the '855 patent since at least December 31, 2021, by way of service of the Complaint against Infineon Technology (Wuxi) Co., Ltd., in the Shanghai Intellectual Property Court of the People's Republic of China in (2021) Hu 73 Zhiminchu No. 1580 [(2021) 沪 73知民初1580号]."  *Id.* at ¶ 54.  According to NexGen, the complaint filed in the Chinese action "alleges that Infineon Technology (Wuxi) Co., Ltd., which is a

Chinese affiliate of Defendants, has infringed Chinese Patent No. ZL200780100586.7, which is the Chinese counterpart of the '855 patent." *Id.* Both the Chinese patent alleged to be the "counterpart" of the '855 patent and the '855 patent itself are national stage entries of the same PCT application, WO2009/057188. Infineon Technology (Wuxi) Co., Ltd., the Defendant in the Chinese action, is not a party to the present suit. *See* D.I. 1.

Second, NexGen alleges that "Infineon has had knowledge of the '855 patent since at least service of this Complaint or shortly thereafter, and Infineon knew of the '855 patent and knew of its infringement, including by way of this lawsuit." *Id.* at ¶ 55.

Third, NexGen alleges that the "'855 patent is well-known within the industry as demonstrated by multiple citations to the '855 patent in published patents and patent applications assigned to technology companies and academic institutions." *Id.* at ¶ 59. Apart from these conclusory statements, NexGen presents no evidence whatsoever that "Infineon knew of the '855 patent."

## III.   LEGAL STANDARDS

### A.   Dismissal Under Rule 12(b)(6) and Indefiniteness

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547

(2007)).  Although factual allegations are taken as true, legal conclusions are given no deference—those matters are left for the court to decide.  *Id.* (noting the tenet that allegations are taken as true on a motion to dismiss "is inapplicable to legal conclusions").  Further, the Court "need not [] accept as true bald assertions, unsupported conclusions or unwarranted inferences."  *Diogenes Ltd. v. DraftKings, Inc.*, No. 21-cv-1695-MN-CJB, 2022 WL 3700902, at *7 (D. Del. Aug. 26, 2022) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).  "In ruling on a 12(b)(6) motion, a court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit, such as the claims and the patent specification."  *Yu v. Apple Inc.*, 1 F.4th 1040, 1046 (Fed. Cir. 2021) (citing *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017).  Patent invalidity may be properly decided at the Rule 12(b)(6) stage.  *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017).

Section 112 ¶ 2 requires that a patentee provide "claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."  35 U.S.C. § 112 ¶ 2.  "A lack of definiteness renders invalid the patent or any claim in suit."  *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 902 (2014) (citing 35 U.S.C. § 282, ¶ 2(3)).  "Definiteness is to be evaluated from the perspective of someone skilled in the relevant art."  *Id.* at 908.  Section 112

"require[s] that a patent's claims, viewed in light of the specification and prosecution history, inform those skilled in the art about the scope of the invention with reasonable certainty." *Id.* at 910.

B.   **Indirect Infringement**

Pleading indirect infringement requires plausible factual allegations of knowledge, including knowledge of the allegedly infringed patent and knowledge that the induced acts constitute patent infringement or willful blindness to those facts. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765–66 (2011); *see also* 35 U.S.C. § 271(b); *Robocast, Inc. v. Netflix, Inc.*, No. 22-cv-305-RGA, 2022 WL 16921956, at *3 (D. Del. Nov. 14, 2022) ("Indirect infringement 'requires knowledge of the patent in suit and knowledge of patent infringement.'") (quoting *Commil USA, LLC v. Cisco Systems, Inc.*, 575 U.S. 632, 639 (2015)). "[A] plaintiff fails to sufficiently plead knowledge of the patent-in-suit when the plaintiff merely recites the elements for indirect infringement without supporting facts." *Execware, LLC v. Staples, Inc.*, No. 11-cv-836-LPS, 2012 WL 6138340, at *2 (D. Del. Dec. 10, 2012), *report and recommendation adopted*, No. 11-cv-836-LPS, 2013 WL 171906 (D. Del. Jan. 16, 2013).

C.   **Willful Infringement**

A claim for willful infringement must allege that the infringement was "intentional or knowing." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105

(2016); *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987 (Fed. Cir. 2021) ("To establish willfulness, the patentee must show the accused infringer had a specific intent to infringe at the time of the challenged conduct."). As with indirect infringement claims, "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016). Without this requisite element, dismissal is required. *See Wrinkl, Inc. v. Facebook, Inc.*, No. 20-cv-1345-RGA, 2021 WL 4477022, at *7–8 (D. Del. Sept. 30, 2021) (granting dismissal for failure to allege requisite knowledge).

## IV.   ARGUMENT

### A.   NexGen's Complaint Fails to State a Claim Because the '855 Patent is Defective and Thus Invalid.

NexGen's complaint fails to state a claim because the '855 patent is invalid under § 112 ¶ 2. Section 112 ¶ 2 requires that a patentee provide "claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112 ¶ 2. Independent claim 1 of the '855 patent contains a contradiction that renders the scope of the claim uncertain—the claim is therefore invalid as indefinite. *TVnGO Ltd. (BVI) v. LG Elecs. Inc.*, 861 F. App'x 453, 457 (Fed. Cir. 2021) ("Patent claims are indefinite if they 'fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention.'") (quoting *Nautilus, Inc.*, 572 U.S. at 901).

Claim 1 of the '855 patent first requires that the inverter be "connected to a

direct-current power source and ***outputting a three-phase alternating current of*** . . . ***an arbitrary voltage to an alternating-current motor***. '855 patent, cl. 1 (emphasis added). So, the claims require that an arbitrary voltage be sent to the claimed motor.

However, claim 1 also requires that the "current-command generating unit" "maintain a terminal voltage of the alternating-current motor to a ***maximum value*** that can be generated under the direct-current power source." *Id.* (emphasis added). This is where the contradiction occurs. As described below (and as common sense would dictate), the terminals of a motor are the motor's inputs. This second limitation thus requires that the inputs to the motor have the maximum voltage. Thus, the claims require that the input voltage to the motor be both arbitrary and at its maximum.

This dichotomy creates an impossible contradiction. A thing can be set to an arbitrary value where any voltage can satisfy the claim language, or it can set to the maximum value where one ***and only*** one voltage would satisfy the claim language. The two conditions are *per se* contradictory, as arbitrariness requires the accommodation of a range of values where the maximum requires one and only one value. Notably, the claim never describes or otherwise requires a transition from arbitrary to maximum. To the contrary, the claim expressly requires that both the voltage-command generating unit and the current-command generating unit be operating at the same time on the same wires. The Federal Circuit has affirmed

invalidation of claims as indefinite under similar circumstances, where the use of a term in the independent claims contradicted a use of the same term in the dependent claims. *See TVnGo Ltd. (BVI)*, 861 F. App'x 453 at 459–60 (holding that conflicting use of the same term prevents reasonable certainty). The Federal Circuit has also affirmed the invalidation of claims on indefiniteness grounds where the claim language required a "nonsensical" or "impossible" outcome. *Synchronoss Techs., Inc.*, 987 F.3d at 1366 (holding invalid claims that "require an impossibility" by requiring a "digital media file contain a directory of digital media files"); *Trustees of Columbia Univ. in City of New York*, 811 F.3d at 1367 (holding invalid claims that required "extracting machine code instructions from something that does not have machine code instructions").

This Court has invalidated claims on the same grounds. *Koki Holdings Co. v. Kyocera Senco Indus. Tools, Inc.*, No. 18-cv-313-CFC, 2021 WL 1092579, at *1 (D. Del. Mar. 22, 2021) ("A claim that is nonsensical or requires an impossibility is indefinite as a matter of law under § 112(b)."); *Tech. Innovations, LLC v. Amazon.com, Inc.*, 35 F. Supp. 3d 613, 620 (D. Del. 2014) (invaliding claims that "contain[ed] an inherent logical contradiction that renders them insolubly ambiguous") (internal quotations omitted); *M2M Sols. LLC v. Sierra Wireless Am., Inc.*, No. 12-cv-30-RGA, 2013 WL 5981336, at *6 (D. Del. Nov. 12, 2013) (invalidating claim where claim language required a monitoring device to be both

"local" and "remote"), *adhered to on reconsideration*, No. 12-cv-30-RGA, 2015 WL 5826816 (D. Del. Oct. 2, 2015). So too here, the claims require a nonsensical result: that the same voltage be both "arbitrary" and "maximum."

The contradiction can be clearly seen in Figure 1, which demonstrates that the voltage output to the motor by the inverter (the "arbitrary voltage") and the terminal voltage of the motor (the voltage "maintain[ed] . . . to a maximum value") are on the same wires:



'855 patent, Fig. 1 (annotations added). This depiction forecloses any argument that these are different voltages in the claims—the specification makes clear that the two different claimed voltages are in fact the same voltage. The specification shows that the output from the inverter is the input to the motor. *See, e.g.*, '855 patent, 1:51–52

("a voltage between the motor and a terminal (=inverter output voltage)"); 4:28–32 ("there are provided a capacitor 1 that becomes a direct-current power source, an inverter 2 that converts a direct-current voltage of an arbitrary frequency, and a permanent magnet synchronous motor [] 6"). At no point does the specification ever explain how the same voltage can be both "arbitrary" and "maximum."

While NexGen will likely argue that claim construction is necessary here, that is simply not the case. Arbitrary and maximum are plain English words, not technical terms. To the extent that NexGen has an explanation regarding how these contradictory words can apply to a single voltage, it should provide that explanation now, so the Court can evaluate it. This situation is no different than if the claim required that something be both invisible and red. The patentee can make generic assertions that claim construction is necessary, but the Court is not required to give those assertions credence unless NexGen provides a plausible reason to believe that it can give these conflicting terms a plausible reconciliation. *See, e.g., In re TLI Commc'ns LLC Pat. Litig.*, 87 F. Supp. 3d 773, 805 (E.D. Va. 2015) (invalidating patent claims on a motion to dismiss because the claims impermissibly recited means-plus-function limitations lacking structural support in the patent's specification). Although in *In re TLI*, claim construction had been fully briefed, such briefing is unnecessary here where the contradiction is one of plain English meaning.

The circumstances in the present case are not unlike those in cases where an

accused infringer moves under Rule 12(b)(6) for patent ineligibility on § 101 grounds.  In that situation, the Federal Circuit has recognized that "[i]f claims are directed to ineligible (or eligible) subject matter under all plausible constructions, then the court need not engage in claim construction before resolving a Section 101 motion." *Sanderling Mgmt. Ltd. v. Snap Inc.*, 65 F.4th 698, 704 (Fed. Cir. 2023). The Federal Circuit has instructed that, in the § 101 context, in "determining whether a particular motion requires claim construction before disposition of the motion, a district court is free to require the party asking for construction to provide an actual proposed construction, to demonstrate that its construction is not frivolous, and to articulate how adoption of the construction would materially impact the analysis at step one (and/or at step two)." *Id.*  The same should apply here.  If NexGen argues that claim construction is necessary to resolve what is truly an issue of plain English meaning, it should be required to state how its proposed construction would alter the Court's analysis.

However, to the extent that the Court finds that some claim construction would be useful, it would be far more efficient to convert this motion to dismiss into a motion for summary judgment, Fed. R. Civ. P. 12(d), and entertain briefing on this single issue.[1]  This would be far more efficient and cost effective for all parties

---

[1] Further, no expanded record or discovery is required, as this failing is one of language.  Under § 101, the Federal Circuit has repeatedly affirmed rejections at the

compared with subjecting the parties to the full costs of complying with the Delaware ESI rules and engaging in costly discovery only to revisit the same issue 18 months down the road.  As noted above, if NexGen has a good explanation for how an arbitrary value can also be the maximum value, it should set forth that explanation early before subjecting Infineon to the high costs of litigation.

Because the same voltage cannot be both "arbitrary" and "maximum," claim 1 is indefinite.  Claim 1 is the only independent claim of the '855 patent, and dependent claims cannot save an indefinite independent claim.  Thus the '855 patent is invalid.

### B.    NexGen's Complaint Fails to State a Claim for Pre-Suit Indirect or Willful Infringement Because Infineon Had No Knowledge

NexGen fails to state a claim for pre-suit indirect infringement or willful infringement because it has not sufficiently alleged that Infineon knew about the '855 patent.  Without such knowledge, Infineon cannot know or be willfully blind to the fact that it induced acts that caused third parties to infringe.  *LoganTree LP v. Omron Healthcare, Inc.*, No. 18-cv-1617-MN, 2019 WL 4538730, at *4 (D. Del. Sept. 19, 2019) ("Indirect infringement, whether it be induced or contributory,

---

motion to dismiss stage, "before claim construction or significant discovery has commenced."  *Cleveland*, 859 F.3d at 1360.  Courts have held that dismissal is appropriate when there is no legitimate factual dispute.  *Tenaha Licensing LLC v. Tigerconnect, Inc.*, 2020 WL 30426, *4–*9 (D. Del. 2020).

requires pleading that the defendant has knowledge of the patent."). Infineon also cannot willfully infringe a patent that it does not know about. *WBIP, LLC*, 829 F.3d at 1341 ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite.").

NexGen points to two ways that Infineon purportedly knew about the '855 patent before the filing of its Complaint: service of a complaint in a Chinese action, and the fact that the '855 patent is allegedly "well-known within the industry." D.I. 1 at ¶¶ 54, 59. The allegation that Infineon was on notice of the '855 patent because of service of a complaint for infringement of a different patent, in a different country, on a different, non-party company is insufficient. The alleged notoriety of the '855 patent in the industry is also insufficient.

1. ***Service of a Chinese complaint on a non-party does not establish pre-suit knowledge of the '855 patent by Infineon.***

NexGen's allegations based on service of a Chinese complaint are insufficient in two respects. First, NexGen cites no case in its Complaint where litigation over a foreign patent in a foreign court has been found to satisfy notice requirements for a U.S. patent in a U.S. Court, and Infineon does not believe that such a case exists. ***Indeed, the law in this district is precisely the opposite***. In evaluating indirect infringement, courts in this District have held that "knowledge of a foreign patent does not provide notice of a 'corresponding' U.S. patent." *Carrum Techs., LLC v. BMW of N. Am., LLC*, No. 18-cv-1645-RGA, 2023 WL 1861150, at *2 (D. Del. Feb.

9, 2023) (citing *PPG Indus. Ohio, Inc. v. Axalta Coating Sys., LLC*, No. 21-cv-346-LPS-SRF, 2022 WL 610740, at *5 (D. Del. Jan. 26, 2022), *report and recommendation adopted*, No. 21-cv-346-LPS-SRF, 2022 WL 611260 (D. Del. Feb. 18, 2022)).  In *Carrum Techs.*, the *defendant* cited to the "[a]sserted [p]atents' foreign counterpart" during prosecution of its own patent—the court held that fact was insufficient to allege knowledge of the related, asserted U.S. Patent. *Id.*  The present case is even further afield because there is no allegation that the parties to ***this*** lawsuit, Infineon Technologies AG and Infineon Technologies Americas Corp., knew of the '855 patent before the filing of this Complaint other than through an implication from service of a Chinese complaint on a different entity.

Second, even if this Court were somehow to ignore clear precedent that notice of a foreign patent is not a substitute for notice of a U.S. patent, NexGen's assertions further fail because the Chinese complaint cited in the NexGen Complaint was served on a different, non-party entity.  NexGen's Complaint provides no support for the assertion that either of the defendants in *this* lawsuit, Infineon Technologies AG and Infineon Technologies Americas Corp., had knowledge of the service of the complaint on Infineon Technology (Wuxi) Co., Ltd., a subsidiary located in China. This assertion relies on the inference that knowledge of a subsidiary can be imputed to the parent *and* another subsidiary.  But the parent-subsidiary relationship alone is insufficient to attribute knowledge of one entity to another entity for purposes of

indirect and willful infringement. *Varian Med. Sys., Inc. v. Elekta AB*, No. 15-cv-871-LPS, 2016 WL 3748772, at *5 (D. Del. July 12, 2016) ("Plaintiff needs to set out more than just the bare fact of the parent/subsidiary relationship in order to make out a plausible claim . . . ."), *report and recommendation adopted*, No. 15-cv-871-LPS, 2016 WL 9307500 (D. Del. Dec. 22, 2016); *SoftView LLC v. Apple Inc.*, No. 10-cv-389-LPS, 2012 WL 3061027, at *5 (D. Del. July 26, 2012) (stating that knowledge of a subsidiary alone is insufficient to infer actual knowledge). Even if knowledge of a subsidiary could be imputed to the parent, as discussed above, NexGen has another problem: the Chinese complaint alleged infringement of a ***different patent***.

### 2.   *NexGen's allegations regarding the '855 patent's notoriety are insufficient to establish pre-suit knowledge.*

To the extent NexGen relies on its allegations that '855 patent is well-known within the industry and Infineon therefore had knowledge, such an allegation completely lacks supporting facts and must fail. *PPG Indus. Ohio, Inc.*, 2022 WL 610740, at *5 ("[Plaintiff's] allegations that [Defendant] had knowledge of the patent because the patent and award-winning technology were well-known in the automotive industry cannot, by itself, support an inference that Axalta had pre-suit knowledge of the [asserted] patent."); *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232 (D. Del. 2012) ("This court has not been convinced of the sufficiency of pleadings charging knowledge that is based upon a defendant's

participation in the same market, media publicity and unrelated litigation by the defendant's competitors concerning the relevant patent.").

Even if the '855 patent has been cited by other patents and patent applications, citations to the '855 patent during other companies' patent prosecution are insufficient.  Courts in this district have found such citations insufficient where even the *defendant* itself cited the asserted patent during prosecution, not just a defendant's competitors and other companies.  *Princeton Digital Image Corp. v. Ubisoft Ent. SA*, No. 13-cv-335-LPS-CJB, 2017 WL 6337188, at *1 (D. Del. Dec. 12, 2017) ("At the motion to dismiss stage, allegations that a defendant cited or referenced a patent during prosecution are generally not sufficient, alone, to support an inference of pre-suit knowledge of that patent.").

### 3.   *NexGen failed to sufficiently plead willful blindness.*

If NexGen attempts to invoke the doctrine of willful blindness as a substitute for knowledge, that theory should also fail.  Willful blindness has "two basic requirements: (1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact."  *Global-Tech*, 563 U.S. at 769.  There must be "active efforts by an inducer to avoid knowing about the infringing nature of the activities," and "deliberate indifference" to a risk is insufficient.  *Id.* at 770.

Here, the Complaint merely uses the phrase "willfully blind" without pleading

any supporting facts from which one could plausibly conclude that Infineon subjectively believed there was a high probability of infringement.  D.I. 1 at ¶ 57. NexGen fails to plead any active effort to avoid learning of infringement whatsoever. *See Helios Streaming, LLC v. Vudu, Inc.*, No. 19-cv-1792-CFC-SRF, 2021 WL 254069, at *6 (D. Del. Jan. 26, 2021), *report and recommendation adopted*, No. 19-cv-1792-CFC-SRF, 2021 WL 1138024 (D. Del. Mar. 25, 2021) ("A willfully blind defendant must …take deliberate actions to avoid learning of that fact . . . [and] the FAC contains no plausible allegation which would permit the court to infer that [defendant] 'purposefully avoided knowledge' of the patents."); *see also MONEC Holding AG*, 897 F. Supp. 2d at 234  (holding that the pleading failed to allege knowledge of a patent via willful blindness where the allegations did "not suggest that [the defendants] purposefully avoided knowledge" of the asserted patent).

As Plaintiff has failed to sufficiently allege pre-suit knowledge of the '855 patent, its claims of indirect infringement and willful infringement prior to this action should be dismissed.

## V.    CONCLUSION

For the foregoing reasons, Infineon respectfully requests that the Court dismiss NexGen's complaint on the basis that (1) the complaint fails to state a claim because the claims of the '855 patent are invalid, and (2) the complaint fails to state a claim for pre-suit indirect and willful infringement.  Because leave to amend would

be futile, Infineon requests dismissal with prejudice.


Dated: May 30, 2023          FISH & RICHARDSON P.C.

By: */s/ Warren K. Mabey, Jr.*
    Warren K. Mabey, Jr. (#5775)
    FISH & RICHARDSON P.C.
    222 Delaware Avenue, 17th Floor
    Wilmington, DE 19801
    Telephone: (302) 652-5070
    Email: mabey@fr.com

    David M. Hoffman
    FISH & RICHARDSON P.C.
    111 Congress Avenue, Suite 810
    Austin, TX 78701
    Telephone: (512) 472-5070
    Email: dhoffman@fr.com

***Counsel for Defendants***
***Infineon Technologies AG & Infineon***
***Technologies Americas Corp.***

## <u>CERTIFICATE OF COMPLIANCE</u>

The foregoing document is submitted in accordance with the type, font, and word limitations required by this Court's Standing Order Regarding Briefing in All Cases.  The brief contains 4,361 words and has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman, 14 Point.

Dated:  May 30, 2023                                       _/s/ Warren K. Mabey, Jr._____